UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06MJ2080 AGF |
| ) | |
| KENNETH EDWIN ELLIS, II, ) | |
| ) | |
| Defendant. ) | |

**ORDER FINDING PROBABLE CAUSE
AND ORDERING PRETRIAL DETENTION**

On March 14, 2006, Defendant was charged in a one count criminal complaint with distributing in excess of five (5) grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a). The government moved for pretrial detention, and counsel was appointed to represent Defendant.

On March 24, 2006, the Court held a preliminary examination hearing and a hearing on the government's motion for pretrial detention. Defendant appeared and was represented by Assistant Federal Public Defender Caterina DiTraglia. The government was represented by Assistant United States Attorney Hal Goldsmith. The government presented the testimony of Special Agent Ryan Zorens, employed with the Bureau of Alcohol, Tobacco, Firearm and Explosives (ATF). Based upon the evidence adduced at the preliminary examination, the Court finds probable cause to believe that the offense charged in the complaint was committed by Defendant, and the Defendant will be held to answer the charges.

With regard to the issue of pretrial detention, neither party had any objections to the Pretrial Services Report ("PSR") dated March 24, 2006, except the government noted that it had presented to the Pretrial Services Office ("PSO") much of the same information presented at the hearing regarding Defendant's efforts to obtain a firearm, the results of a search of his residence, and his gang affiliation, which information was not included in the PSR. Subject to the government's objection to the incomplete nature of the PSR, the Court adopts and incorporates the information that is affirmatively contained in the PSR.

The government has presented strong evidence of the charges against Defendant. In light of the charges against Defendant, a rebuttable presumption arises that there is no condition or combination of conditions that will adequately assure the appearance of Defendant or the safety of the community, under 18 U.S.C. § 3142(e). Defendant proffered to the Court that he might be able to meet the $10,000 bond recommended by the PSO, and that he might be able to reside with his father.

The Court notes, however, that although he is only 22 years old, Defendant has a substantial criminal history that includes a citation for resisting arrest, a conviction for assault 3rd with injuries, several traffic-related offenses, and a citation for failure to appear. In addition, Defendant has previously had a term of probation revoked. Although Defendant's family is located in St. Louis, he has few economic ties to the community and has no substantial employment history. The government has also presented strong evidence, supported by tape-recorded conversations and Defendant's own admissions, that Defendant engaged in five separate sales of cocaine base to two

undercover officers; expressed a desire to purchase both a handgun and an assault rifle; had both ammunition and a holster in his apartment; and has admitted to being a captain in the Gangster Disciples gang.

For the above reasons, and for the reasons set forth in the PSR, the Court finds that Defendant has not rebutted the statutory presumption, and finds by a preponderance of the evidence and by clear and convincing evidence, respectively, that there is no condition or combination of conditions that will adequately assure the appearance of Defendant and the safety of the community. 18 U.S.C. § 3142(e) and (f).

**THEREFORE, IT IS HEREBY ORDERED** that Defendant be held to answer any timely filed indictment, and this case is passed to **April 21, 2006, at 4:00 p.m.**, for a conference on the status of the prosecution before the undersigned United States Magistrate Judge.

**IT IS FURTHER ORDERED** that Defendant, Kenneth Edwin Ellis, II, be detained pending trial.

**IT IS FURTHER ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that Defendant be afforded reasonable opportunity for consultation with counsel; and that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is

confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 24th day of March, 2006.